

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00305-CV

DAVID GONZALEZ, APPELLANT

V.

MADISON PARK, APPELLEE

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2016-572,119, Honorable Judy Parker, Presiding

September 9, 2016

## ON ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, David Gonzalez, proceeding pro se, filed an affidavit of inability to pay costs in this Court on August 30, 2016. On August 31, the court reporter filed a "Court Reporter's Contest to Affidavit of Inability to Pay Costs" that identified certain defects in Gonzalez's affidavit.

In May of 2016, the Texas Supreme Court approved amendments to certain rules relating to how indigent parties in Texas civil cases may proceed without paying court

costs. Those amendments became effective on September 1, 2016, and apply to any pending challenge to a claim that a party in a case cannot afford court costs. The amended Texas Rule of Civil Procedure 145(b) requires that Gonzalez use the form Statement approved by the Texas Supreme Court or provide the information required by the Court-approved form. *See* TEX. R. CIV. P. 145(b). Gonzalez's August 30 affidavit does not provide the information required by the Court-approved form. However, review of the clerk's record reveals that Gonzalez filed a "Sworn Statement of Inability to Pay Costs" on July 8, 2016, that was sworn to before a notary and provides some of the information required by the Court-approved form. *See* TEX. R. CIV. P. 145(a). While the court reporter's contest focuses on alleged deficiencies in Gonzalez's August 30 affidavit, we construe the contest to be a motion to require Gonzalez to prove his inability to afford costs. *See* TEX. R. CIV. P. 145(f)(3). Because a determination that Gonzalez must pay court costs requires an oral evidentiary hearing, *see* TEX. R. CIV. P. 145(f)(5), this Court orders the appeal abated and the cause remanded to the trial court.

Upon remand, the trial court is ordered to schedule an oral evidentiary hearing to determine, in accordance with Texas Rule of Civil Procedure 145, whether Gonzalez is unable to afford to pay costs of court.[1] *See* TEX. R. CIV. P. 145(f)(5). The court must give the parties to the contest at least 10 days' notice of the hearing. *See id.* The hearing may be convened utilizing whatever means are necessary and expedient. Following the hearing, the trial court is directed to enter an order that Gonzalez (1) is not

---

[1] The comment to the 2016 change to Rule 145 states that, "[a]ccess to the civil justice system cannot be denied because a person cannot afford to pay court costs." The comment goes on to clarify that, "[t]he issue is not merely whether a person can pay costs, but whether the person can afford to pay costs. A person may have sufficient cash on hand to pay filing fees, but the person cannot afford the fees if paying them would preclude the person from paying for basic essentials, like housing or food."

required to pay costs of court, (2) pay the part of the court costs he can afford to pay,[2] or (3) must pay court costs.  In the event the trial court orders Gonzalez to pay costs, the trial court is further directed to support its order with detailed findings that Gonzalez can afford to pay costs.  *See* TEX. R. CIV. P. 145(f)(6).

The trial court shall cause the order to be included in a supplemental clerk's record and to ensure that this supplemental clerk's record be filed with the Clerk of this Court on or before October 10, 2016.

It is so ordered.

Per Curiam

---

[2] Installment payments may be set by the trial court.  *See* TEX. R. CIV. P. 145(f)(7).